## St. L., I. M. & S. Ry. v. Smith.

1. AGENCY: *Liability of agent for default of his clerk.*
   An agent is liable to his principal for funds received for the principal and misapplied by his (the agent's) clerk.

APPEAL from *Ouachita* Circuit Court.
Hon. B. F. ASKEW, Judge.

*Dodge & Johnson*, for appellant.

1. The evidence does not sustain the verdict. Appellee was the bonded officer of the defendant, and it looked to

him for all moneys collected for it. The appellee alone was responsible to the company.

2. The first, second and third instructions given for plaintiff were erroneous. The same error runs through all the instructions for plaintiff: That, although plaintiff was the sole bonded agent to whom defendant looked for all moneys collected at Camden, nevertheless, if any moneys were collected by his clerk, servant, or employe, and appropriated by them, for the single reason that plaintiff did not receive the money into his own hands, he was not liable.

3. The replication to the counter-claim was a confession of the counter-claim in this, that plaintiff admitted that his clerk, Sorrells, had collected the amount claimed, but that he had never paid it over to him, plaintiff, nor had Sorrells ever placed it in the safe. This was no defense to the counter-claim, and should have been ruled insufficient upon demurrer.

*B. W. Johnson*, for appellee.

Appellee clearly had the right to sue for his services— the amount which he claimed to be due not being denied by appellant except by way of counter-claim, and to make good that counter-claim appellant must have shown on the trial that appellee received into his hands the $680 claimed to be due. Without it did this, the judgment was correct. *Chitty on Cont., 540.*

If appellee had been a consignee of the goods for a commission, the counter-claim might have some foundation. *24 Wend., 203 ; 7 Pick., 146 ; 1 Miles, 139.*

But appellee was simply the servant of appellant, and not responsible for any sum that did not come into his possession. *5 Hill, 397 ; 7 Wend., 320.*

St. L., I. M. & S. Ry. v. Smith.

Sorrells had the right to collect appellant's money, and it devolved upon appellant to show that all the money collected by Sorrells was actually paid to appellee.

COCKRILL, C. J. The errors complained of in the court's charge to the jury were waived by failing to assign them as grounds for a new trial in the motion filed for that purpose.

The only question presented by the record is, is the evidence sufficient to sustain the verdict? The suit was instituted by Smith against the company upon an account for services rendered. The correctness of this account was admitted by the company, the contest arising over a counter-claim presented by the company against the plaintiff. The facts as to that are as follows: The plaintiff had been the company's station agent at Camden in this state. It was his duty to make a daily report of his business to the company, and with it to remit the day's collection of money made in the company's business. At the end of about a year's service it was discovered that a large amount of the company's money collected at his station had not been accounted for; he was discharged and the company refused to pay the salary and commissions due him. It was for this he sued. He did not deny that the money claimed by the company had been collected and not accounted for, but undertook to prove that the missing funds had been appropriated by the company's telegraph operator and clerk in the same office, who, it appears, was his assistant. There was a conflict of testimony as to whether the clerk or the plaintiff appropriated the missing funds, but for the purpose of fixing the plaintiff's liability to account to the company, it is not material upon whom the odium of the misappropriation rests. All agree that the money was collected and not

accounted for, and there is nothing to vary or contradict the plaintiff's statement to the effect that he had general charge of the office and control of the business to which he was assigned; that he had the right to collect and handle the money to the exclusion of the clerk and all others; that the company looked to him for the payment of all money collected in his department at Camden; furnished him with a combination lock safe for its safe keeping, and required a bond of him alone for the faithful discharge of that duty. It was the plaintiff's custom to permit the clerk to receipt for money due the company in his (plaintiff's) name as station agent. Now, if it were a settled fact that it was through his clerk the deficit was brought about, the maxim *qui facit per alium facit per se* would still leave the liabilty to account to the company upon the plaintiff. Having assumed the responsibility to the company for the payment of all money collected through his office, he could not after a loss, shield himself from liability by proving that one who acted with his assent in making collections had appropriated the money he was allowed to collect. The plaintiff seems to have fully appreciated his liability, for he testifies that he intended to make good the losses to the company as long as they appeared to be within reasonable bounds.

In the month of January previous to his discharge, the plaintiff was relieved from station duty for a period of three days and assigned by the company to other service, the clerk above mentioned in the meantime having sole charge of the station by direction of the plaintiff's superior officer. If it were shown that any defalcation occurred in this interval, the plaintiff would to that extent be exonerated from liability, because the responsibilities, as well as the duties of the office, had for that time been devolved by the company itself upon the plaintiff's agent.

But there was no attempt to locate any mismanagement in the office in that interval. The plaintiff himself testifies that the first shortage in the accounts of the office discovered was on the 7th of the following June in the account for that month. But the balance sheet for each day showed for itself what had been or ought to have been collected, and any error could have been easily detected.

The case was tried upon an erroneous theory of the principal's liability or non-liability for his agent's acts; the verdict is without evidence to sustain it, and the judgment must be reversed and the cause remanded for a new trial.